726 So.2d 430 (1999)
Jerry EUBANKS
v.
Dr. John SALMON, Salmon Chiropractic Clinic and National Chiropractic Mutual Insurance Company.
No. 98-CA-941
Court of Appeal of Louisiana, Fifth Circuit.
January 5, 1999.
*431 Hugh M. Glenn, Jr., Gregory J. McDonald, New Orleans, Louisiana, Attorneys for Appellants Dr. John Salmon, Salmon Chiropractic Clinic and National Chiropractic Mutual Insurance Company.
Jacob J. Amato, Jr., Lisa A. Dunn, Gretna, Louisiana, Attorneys for Appellee Jerry Eubanks.
Sylvan J. Steinberg, New Orleans, Louisiana, Attorney for Intervenor-Appellee Louisiana Health Service and Indemnity Company d/b/a Blue Cross/Blue Shield of Louisiana.
Panel composed of Judges SOL GOTHARD, JAMES L. CANNELLA and THOMAS F. DALEY.
CANNELLA, Judge.
Defendants, Dr. John Salmon, Salmon Chiropractic Clinic and National Chiropractic Mutual Insurance Company, appeal from the Judgment Notwithstanding the Verdict rendered by the trial court in favor of the plaintiff, Jerry Eubanks. For the reasons which follow, the appeal is dismissed as premature for want of appellate jurisdiction and the case is remanded.
Plaintiff filed suit against defendants alleging that he suffered injury to his neck as a result of a manipulation by defendant, Dr. John Salmon. Following a jury trial, a verdict was returned in favor of defendants. On February 2, 1998, the trial court entered a judgment pursuant to the jury verdict. On February 6, 1998, plaintiff filed a Motion for Judgment Notwithstanding the Verdict (JNOV) and Motion for New Trial. On March 4, 1998, the trial court granted the JNOV in favor of plaintiff, but failed to rule on plaintiff's motion for new trial.
On March 12, 1998, defendants filed a motion for new trial from the JNOV on grounds that it was erroneously granted, the amount of damages awarded was not supported by the record, the trial court erred in awarding an amount in excess of that permitted by the Medical Malpractice Act against a health-care provider covered by the act and the trial court failed to address the intervention.
On April 6, 1998, the trial court rendered an amended judgment, reducing the award against defendants in accord with the Medical Malpractice Act and recognizing the lien of the intervenor. It is from this judgment that defendants now appeal.
The record was lodged in this court, briefs were filed and the case was docketed for hearing. Upon reviewing the matter, we note a jurisdictional defect in the appeal which requires that it be dismissed and remanded.
La. C.C.P. art. 1811, which governs procedure on motions for judgment notwithstanding the verdict, provides in pertinent part:
A. * * *
(2) A motion for a new trial may be joined with this motion [JNOV], or a new trial may be prayed for in the alternative.
* * *
C. (1) If the motion for a judgment notwithstanding the verdict is granted, the court shall also rule on the motion for a new trial, if any, by determining whether it should be granted if the judgment is thereafter vacated or reversed and shall specify the grounds for granting or denying the motion for a new trial. If the motion for a new trial is thus conditionally granted, the order thereon does not affect the finality of the judgment.
(2) If the motion for a new trial has been conditionally granted and the judgment is reversed on appeal, the new trial shall proceed unless the appellate court orders otherwise.
(3) If the motion for a new trial has been conditionally denied and the judgment is reversed on appeal, subsequent proceedings shall be in accordance with the order of the appellate court.
*432 Article 1811 expressly address the procedure for handling a motion for a JNOV and a motion for new trial and mandates that the trial court, after granting the JNOV, rule on the motion for new trial. In this case, the trial court failed to rule on plaintiff's motion for new trial which was joined with his motion for JNOV.
The identical procedural problem was presented to this court in the case of State Through DOTD v. Scramuzza, 594 So.2d 521 (La.App. 5th Cir.1992). As in this case, the landowners had filed motions for JNOV and for a new trial. The trial court granted the JNOV and did not rule on the motion for new trial. Noting the mandatory language of La. C.C.P. art. 1811(C)(1), requiring the trial court to rule on the motion for new trial after granting a JNOV, we held that the appeal must be dismissed. Because the motion for new trial was still pending, the trial court had not been divested of its original jurisdiction and, therefore, this court had no appellate jurisdiction over the case.
Similarly, in this case, the trial court has not ruled on plaintiff's motion for new trial. Therefore, the appeal is premature. The trial court has never been divested of jurisdiction. Consequently, this court's appellate jurisdiction has not attached. Scramuzza, supra.
Accordingly, defendants' appeal is dismissed and the case remanded to the district court for compliance with La. C.C.P. art. 1811(C). Each party is to bear its own cost of appeal.
APPEAL DISMISSED; CASE REMANDED.