|,SUSAN M. CHEHARDY, Judge.
After trial, the judge granted plaintiffs’ Motion for Judgment Notwithstanding the Verdict regarding liability and Motion for Additur. At the same time, the trial judge denied defendants’ Motion for Judgment Notwithstanding the Verdict. Subsequently, all parties appealed. For the reasons which follow, the appeal is dismissed as premature for want of appebate jurisdiction and the case is remanded.
Plaintiffs, Mike and Karen Petranick, filed suit against defendants, Karl Steimle, his employer, White Consolidated Industries, and their insurer, Reliance National Indemnity Co., alleging that Mr. Petranick suffered injuries as a result of a motor vehicle accident with Mr. Steimle while both were in the course and scope of their employment on August 6, 1998. Mr. Pe-tranick’s employer, University Health System, intervened seeking recovery of ab amounts paid to its employee, Mr. Petran-ick, as well as a credit for future benefits.
Following a five-day trial that ended on September 20, 2003, the jury returned a verdict that defendant was 65% at fault and plaintiff was 35% at fault for the acci *1233 dent. The jury awarded Mr. Petranick damages totaling $1,158,900.00. |3 The jury did not award Mrs. Petranick damages for loss of consortium. The trial court entered a judgment pursuant to the jury verdict.
On September 24, 1998, plaintiffs filed a Motion for Judgment Notwithstanding the Verdict, and Additur or, in the alternative, Motion for New Trial. On September 27, 2002, defendants filed a Motion for Judgment Notwithstanding the Verdict, and Remittitur or, in the alternative, Motion for New Trial.
On November 12, 2002, the trial court granted the JNOV in favor of plaintiffs and denied the JNOV in favor of defendants, but failed to rule on either party’s motion for new trial. It is from this judgment that all parties now appeal. Upon reviewing the record, we note a jurisdictional defect in the appeal which requires that it be dismissed and remanded.
La. C.C.P. art. 1811, which governs procedure on motions for judgment notwithstanding the verdict, provides in pertinent part:
(A). (2) A motion for a new trial may be joined with this motion [JNOV], or a new trial may be prayed for in the alternative.
[[Image here]]
(C). (1) If the motion for a judgment notwithstanding the verdict is granted, the court shall also rule on the motion for a new trial, if any, by determining whether it should be granted if the judgment is thereafter vacated or reversed and shall specify the grounds for granting or denying the motion for a new trial. If the motion for a new trial is thus conditionally granted, the order thereon does not affect the finality of the judgment.
(2) If the motion for a new trial has been conditionally granted and the judgment is reversed on appeal, the new trial shall proceed unless the appellate court orders otherwise.
(3) If the motion for a new trial has been conditionally denied and the judgment is reversed on appeal, subsequent proceedings shall be in accordance with the order of the appellate court.
Article 1811 expressly addresses the procedure for handling a motion for a JNOV and a motion for new trial and mandates that the trial court, after granting the JNOV, rule on the motion for new trial. In this case, the trial court failed to | ¿rule on either party’s motion for new trial, which accompanied its motion for JNOV. Furthermore, because the motion for new trial is still pending, the trial court has not been divested of its original jurisdiction. This court, therefore, has no appellate jurisdiction over the case. See, Eubanks v. Salmon, 98-941 (La.App. 5 Cir. 1/5/99), 726 So.2d 430 and State Through DOTD v. Scramuzza, 594 So.2d 521 (La.App. 5th Cir.1992).
Accordingly, defendants’ appeal is dismissed and the case remanded to the district court for compliance with La. C.C.P. art. 1811(C). Each party is to bear its own cost of appeal.

APPEAL DISMISSED; CASE REMANDED.